# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Henry Jager** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:10CR01531-001JB** |
| | USM Number: **54281-051** |
| | Defense Attorney: **Darrell Allen, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2252 (a)(4)(B) | Possession of Matter Containing Visual Depictions of Minors Engaged in Sexually Explicit Conduct, 18 U.S.C. Sec.2252 (b)(2) and 18 U.S.C. Sec. 2256 | 09/15/2009 | 1 |

The defendant is sentenced as provided in pages 2 through **9** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 13, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 25, 2011**
Date Signed

Defendant: **Henry Jager**
Case Number: **1:10CR01531-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months**.

**The Court incorporates its Memorandum Opinion and Order, filed February 17, 2010 (Doc. 50). Defendant Henry Jager and Plaintiff United States of America entered into a plea agreement under which Jager agreed not to seek a variance below 36 months. The Court has considered and reviewed the factual findings in the two Presentence Investigation Reports ("PSR") and the addendum to the PSR. The parties have no objection to the calculation of the sentencing guideline range pursuant to U.S.S.G. § 2G2.2, as set forth in the PSR at paragraphs 35 through 46. Jager agrees that, pursuant to the stipulations in the plea agreement, his total offense level is 28, and his criminal history category is I, resulting in a guideline range of 78 to 97 months. There being no objection to the sentencing guideline calculations in the PSR, the Court adopts them as its own. The Court notes that Jager possessed at least 133 known images and at least sixty-nine known videos containing a visual depiction of minors engaged in sexually explicit conduct.**

**The Court has, as the record of the two-day hearing reflects, carefully considered the guidelines, but in arriving at its sentence, the Court has taken account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant, and the Court, after careful consideration of the circumstances in this case, does not believe that the punishment set forth in the guidelines is appropriate for this offense. The Court has carefully considered the kinds of sentences and ranges that the guidelines establish, and the Court believes for the reasons stated on the record at the hearing and set forth below that a variance is warranted, because the Court finds the guideline range is inappropriate in this case when it balances the factors in 18 U.S.C. §3553(a).**

**The Court has no wholesale disagreement with U.S.S.G. § 2G2.2. The Court nonetheless believes that U.S.S.G. § 2G2.2 often produces harsh sentences. Compared to sentences the Court imposes for other crimes the United States Code prohibits -- e.g., involuntary manslaughter, illegal reentry, cocaine trafficking -- the Court thinks that U.S.S.G. § 2G2.2 produces extraordinarily high sentences. The severe sentences imposed for crimes involving child pornography reflect Congress` deep concern with these crimes, and a district court should not lightly disregard or put aside Congress` expression of its concerns. The Court should, however, look at the individual who is before the Court to determine if the guidelines` sentence is appropriate.**

**The Court believes that a variance is appropriate here. While Jager does not fall outside of the heartland of cases, his military service is relevant to granting him a variance. His service, with the exception of this crime, has been superior and uniformly outstanding. In his military service, Jager appears to have been trustworthy and dedicated, and he served with distinction. His colleagues and commanders wrote on his behalf, commenting on his integrity and good work ethic. He made a career of the military, rather than serving one or two terms. These considerations counsel the Court to vary downward. The Court realizes he has brought shame upon the military with his crime, but with the exception of his crime, he has served with honor, and the Court thinks his service justifies a considerable variance from the guideline sentence.**

**On the other hand, the Court also agrees with the United States that risk factors are present which do not support a variance down to 36 months. The United States asks the Court to impose a sentence of 78 months at the low end of the guideline range. Although the Court does not think a sentence in the guideline range is appropriate here, it also thinks a variance to 36 months is not warranted.**

**Possession of child pornography cases are serious matters. Moreover, the Court does not believe that this crime is merely a possession case. Despite his recantation, the Court believes that Jager`s admission that he engaged in sexual activity with underaged prostitutes in South Korea and Germany presents a risk factor. The Court is also concerned about the extent of his contact with his niece. Jager has not been truthful with investigators, his forensic psychologist, Moss Aubrey, Ph.D., and/or his girlfriend, and the Court is concerned that Jager`s dishonesty creates a further risk that he will reoffend. The Court does not think that the full extent of Jager`s danger to the community is presently known, but it does not have any disagreement with Dr. Aubrey`s suggestion that Jager presents a low to moderate risk. Because of this risk, the Court does not believe a 36 month sentence, at the low end of the agreement that Jager reached with the United States, is appropriate.**

**The Court does not have, as Dr. Aubrey proposes in his report, the luxury of awaiting treatment to determine the extent of Jager`s offense and whether he is a hands-on offender -- the Court must make some judgment about these issues at sentencing to protect**

the public. As Dr. Aubrey`s testimony makes clear, it is difficult to predict recidivism. There is, consequently, uncertainty surrounding Jager`s potential to reoffend. The Court believes that uncertainty weighs in favor of protecting society, and so this risk works against Jager.

The Court is reluctant to vary too much from Congress` expression of its condemnation of crimes involving child pornography, because society, and men in particular, must learn that child pornography is not a victimless crime, and that possessing these images and reviewing these images creates demand -- it fuels this cruel industry. These pictures are increasingly violent and the segment of society that is looking at these images is creating a demand that society must take seriously, and courts must not undercut Congress` expression of its deep concern about this problem. These victims are an age where they effectively do not have a choice in these matters, and society must protect these minors and must protect them strongly.

Moreover, many men who engage in viewing chid pornography are, like Jager, men who are otherwise upstanding citizens and lead otherwise good lives; men who live double lives. Thus, if the Court varies from the guideline sentence, it begins to run the risk of unwarranted disparity among sentences for similarly situated defendants, and so the Court must be careful that, when it varies, it varies for good and sound reasons. The Court has over the last weeks carefully reviewed the sentencing tables in this case. The Court thinks that the United States not pursuing a crime with a mandatory minimum of 60 months indicates there are problems with this case. The Court also thinks that Congress, by setting a mandatory minimum 60 months for receipt and/or distribution of a visual depiction of a minor engaged in sexually explicit conduct, under §§ 2252(a)(2), 2252(b)(2) and 2256, and then having for this crime a guideline range that is higher than the 60 month minimum creates some tension. And so the Court is concerned about a sentence that is in the 60-month range. If Congress had wanted that sentence, it could have imposed that sentence as a statutory minimum, and if the United States had wanted that sentence it could have pursued the second count of the indictment.

For these reasons, the Court believes a variance downward, treating Jager`s offense level like an offense level 23, produces a more appropriate sentence in this case. An offense level of 23 and a criminal history of I produces a range of 46 to 57 months. The Court need not disagree with how Congress came up with its guideline range for these cases, but it thinks that Jager`s military service in combination with his lack of criminal history and the possibility of treatment support a variance down to a range of 46 to 57 months. On the other hand, the incidents in Germany and South Korea and with his niece, combined with the unpredictability of his future dangerousness, suggest that treating Jager`s offense level like an offense level 19 -- 30 to 37 months -- is inappropriate, and the Court concludes that these additional factors point to something higher, and so the Court believes that treating Jager`s offense level like an offense level 23 with a range of 46 to 57 months is appropriate. The Court further believes that, under the parsimony clause, a sentence at the low end of that guideline range of 46 months is an appropriate sentence. The Court believes that a sentence of 46 months is enough to reflect the seriousness of this offense. While it is a considerable variance, the sentence will promote respect for the law when people see Jager`s military record. The Court thinks this sentence provides a more just punishment, particularly given his military record. The Court thinks it will afford adequate deterrence above the 36 months, because of the risk factors that he presents and for the same reasons protects the public.

Moreover, the Court will impose lifetime supervised release with conditions that will prevent Jager`s further consumption of child pornography -- including conditions restricting his contact with children and his access to computers -- and provide treatment for Jager`s addiction to child pornography. Lifetime supervision justifies the Court imposing less incarceration. The Court thinks a 46-month sentence will provide Jager with the needed education, training, and care to overcome the problems that he has, and implement some of the treatment that Dr. Aubrey recommended. The Court thus finds that a sentence of 46 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable.

Therefore, as to Count 1 of the Indictment, Jager is committed to the custody of the Bureau of Prisons for a term of 46 months. The Court recommends that Jager participate in the Bureau of Prisons sex offender program. Jager is placed on supervised release for a term of life. The reason the Court imposes a lifetime supervised release is, in part, because the Court varied downward considerably, and the public still needs protecting. The Court varies because it is banking upon the fact that Jager can be treated. The Court wants that treatment to be a serious component of the of the sentence. While the Court is varying considerably, because of Jager`s military record, the Court has also recognized that there are risks, and the Court believes that to somewhat mitigate the risk to society a term of supervised release for a term of life is appropriate. Lifetime supervised release, therefore, is a central component of the Court reaching its decision that a substantial variance is appropriate.

☒   The court makes the following recommendations to the Bureau of Prisons:

**Englewood Federal Correctional Institution, Littleton, Colorado, if eligible**
**The Court recommends the BOP Sex Offender Program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at   on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Henry Jager**
Case Number: **1:10CR01531-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Life term** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall immediately register as a sex offender at the Sheriff's Office or designated agency in the permanent or temporary county of residence and in accordance with all registration requirements in local, state and federal laws;
15) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
16) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

17) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;

18) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;

19) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;

20) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;

21) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;

22) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **Henry Jager**
Case Number: **1:10CR01531-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must not possess or use a computer with access to any ``on-line computer service`` at any location without the prior written approval of the probation office. The defendant must allow the probation officer to install appropriate software to monitor the use of the Internet.**

**The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.**

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his/her computer(s), hardware, and software which may include retrieval and copying of all data from his/her computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.**

**The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his/her computer(s), any hardware or software systems to monitor his/her computer use. The defendant understands that the software may record any and all activity on his/her computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. Monitoring will occur on a random and/or regular basis. The defendant further understands that he/she will warn others of the existence of the monitoring software placed on his/her computer.**

**The defendant understands that the probation officer may use measures to assist in monitoring compliance with these conditions such as placing tamper resistant tape over unused ports and sealing his/her computer case and conducting a periodic hardware/software audit of his/her computer.**

**The defendant shall maintain a current inventory of his/her computer access including but not limited to any bills pertaining to computer access; and shall submit on a monthly basis any card receipts/bills, telephone bills used for modem access, or any other records accrued in the use of a computer to the probation officer.**

**The defendant shall not make any changes to his/her computer services, user identifications, or passwords without the prior approval of the probation officer.**

**The defendant shall not possess or use a computer or other related hardware or software during the period of supervised release/probation unless approved by the probation officer.**

**The defendant shall provide to the probation officer all copies of telephone bills, include phone card usage; all credit card uses; and any other requested financial information to verify there have been no payments to an Internet Service Provider or entities that provide access to the Internet.**

Defendant: **Henry Jager**
Case Number: **1:10CR01531-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐       The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $500.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A       ☒   In full immediately; or

B       ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**In accordance with 18 U.S.C. § 2259, the Defendant is ordered to pay restitution in the amount of $250, which is due immediately to the victim identified in the Misty series. The Defendant is further ordered to pay restitution in the amount of $250, which is due immediately to the victim identified in the Vicky series.**

**For tracking purposes, all payments made by the Defendant shall be submitted to the Clerk of the Court, Attn: Intake, Case No. 1:10CR01531-001JB, 333 Lomas Boulevard NW, Suite 270, Albuquerque, New Mexico 87102. The payments shall then be forwarded to "Misty" and "Vicky" at the addresses on file with the United States Attorney`s Office.**

**Pursuant to 18 U.S.C. §§ 2252 and 2253, the defendant shall forfeit to the United States all of his right, title, and interest in the following assets and properties:**
**1) Hewlett Packard Pavilion Desktop Computer bearing serial number 0801S0033121 with a Seagate Internal Hard Disk Drive bearing serial number 6QG3R3AW; and**
**2) Hewlett Packard Laptop Computer bearing serial number CNF5391VLG with a Toshiba 80 GB Internal Hard Disk Drive bearing serial number 95GU4921S.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.