IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                          No. CR 10-1531 JB

HENRY JAGER,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Opposed Motion to Seal Testimony, or in the Alternative, Motion to Redact Testimony, filed February 17, 2011 (Doc. 51)("Motion to Seal"). The Court held a hearing on March 18, 2011. The primary issue is whether: (i) the Court should enter an order placing the testimony of Dr. Moss Aubrey given at the sentencing hearing under seal; and (ii) alternatively, whether the Court should enter an order that certain portions specified in the Motion to Seal should be redacted. Based on the parties' agreement at the March 18, 2011 hearing, the Court will redact information that identifies innocent third-parties, but the Court will not redact information about Defendant Henry Jager's history or Dr. Aubrey's evaluation of him.

**PROCEDURAL BACKGROUND**

Jager was indicted in a two-count indictment charging possession of matter containing visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256. See Indictment, filed May 26, 2010 (Doc. 1). On September 10, 2010, Jager entered into a guilty plea to one of the charges in the indictment. See

Plea Agreement ¶ 3, at 2, filed September 10, 2010 (Doc. 25).  Specifically, Jager pled guilty to Count I of an indictment charging Possession of a Matter Containing a Visual Depiction of Minors Engaged In Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2), and 2256.  See Plea Agreement ¶ 3, at 2.

Under the terms of the plea, Plaintiff United States of America dismissed one count of the indictment.  In exchange for an agreement not to file charges of Receipt and/or Distribution of A Visual Depiction of A Minor Engaged in Sexually Explicit Conduct, in violation of §§ 2252(a)(2), 2252(b)(2), and 2256, which carries a mandatory minimum term of imprisonment of five years, Jager agreed not to seek a downward departure or variance from the applicable sentencing range below 36 months imprisonment.  See Plea Agreement ¶ 10g, at 7.  Additionally, Jager agreed to waive his appellate rights.  See Plea Agreement at 11-12.

Dr. Aubrey is a forensic psychologist who evaluated Jager and prepared a comprehensive sex offender evaluation report.  See Motion to Seal ¶ 1, at 2.  In performing his examination and evaluation, Dr. Aubrey administered numerous psychological tests and procedures that he described in detail in his testimony at the sentencing hearing, including tests measuring Jager's intellectual abilities, personality assessment inventories, and sexuality and sexual interest inventories.

Jager's sentencing took place on December 10 and 13, 2010.  At the sentencing hearing, Jager introduced Dr. Aubrey's expert testimony.  In his testimony, Dr. Aubrey described in detail the nature and circumstances of the offense conduct, the series of psychological tests and procedures that he administered to Jager, and his specific diagnoses and treatment recommendations.  See Motion to Seal ¶ 1, at 2.  Dr. Aubrey also testified about his clinical impressions.  See Doc. 48.  In addition, Dr. Aubrey's testimony described numerous aspects of Jager's social, legal, and sexual history, and his relationships and interactions with his family.  This testimony included

unsubstantiated allegations of improper conduct with his attraction to family members. Jager contends this information about him is "incredibly personal and sensitive." Motion to Seal at 2.

The Court sentenced Jager to 46-months imprisonment in the Bureau of Prisons' custody and a life term of supervised release with special conditions. See Memorandum Opinion and Order, filed February 17, 2011 (Doc. 50). Jager will be subject to the registration and reporting requirements in 18 U.S.C. § 2250 of the Sex Offender Registration and Notification Act.

On February 2, 2011, the United States ordered a transcript of Dr. Aubrey's testimony at the sentencing. The Court's court reporter completed the transcript and filed it with the Court. See Transcript of Testimony of Dr. Aubrey, filed February 2, 2011 (Doc. 48). Thus, as a result of the United States' ordering of the transcript, the transcript is now part of the Court's public record of the case. Jager understands that the United States wants Dr. Aubrey's testimony to be filed and made part of the public record, because Dr. Aubrey's testimony may constitute prior testimony and/or Jencks[1] material that may arguably be relevant if Dr. Aubrey provides expert testimony in future federal prosecutions.

On February 17, 2011, after the United States ordered a transcript of Dr. Aubrey's testimony, Jager filed his Motion to Seal, moving the Court to seal or, in the alternative, to redact portions of Dr. Aubrey's testimony. Jager contends that "Dr. Aubrey's testimony is highly personalized and case-specific to the Defendant," as it discusses "deeply personal and deeply sensitive" issues regarding Jager and his family. Motion to Seal ¶¶ 1, 2, at 3. He asserts that his interest in sealing or redacting this information outweighs the public's minimal interest in his and his family's personal

---

[1] The Jencks Act, 18 U.S.C. § 3500; Jencks v. United States, 353 US 657 (1957). The Jencks Act entitles a federal criminal defendant to obtain any pretrial statement and report made by a government witness, but only after the witness has testified on direct examination at prior trial.

details. He further asserts that there is no dispute that, even if Dr. Aubrey's testimony is not available to the public, the public record will be manifestly clear that Jager was charged with, and admitted guilt to, a heinous crime, and the publicly available Plea Agreement contains a detailed statement of facts of the particulars of the crime. Jager moves the Court, pursuant to the Court's discretionary authority to control and seal records and files in its possession, see Grower's Corp. v. Dobbins, 616 F.2d 458 (10th Cir. 1980), to seal or redact Dr. Aubrey's testimony. As an alternative request for relief, and on the same grounds that he provides in support of the request to seal, Jager requests that the Court redact the following portions of Dr. Aubrey's testimony: 5:17-7:3, 8:1-8, 9:21-10:3, 21:9-16, 21:23-12:2, 17:4-18:1, 18:8-20:10, 21:12-22:12, 22:23-23:16, 23:21-27:2, 27:18-21, 29:22-30:15, 31:25-32:3, 32:8-10, 32:23-25, 33:3-14, 34:19-22, 38:20-21, 38:1-7, 40:6-8, 43:16-18, 44:20-21, 48:1-7, 51:4-6, 51:20-22, 52:19-24, 54:9-17, 54:20-23, 55:12-17, 55:22-56:2, 56:7-9, 56:11-17, 57:7-58:12, 59:2-11, 59:22-24, 60:10-13, 60:17-21, 61:6-9, 61:17-25, 66: 2-3, 66:8-11, 68:15-69:8, 73:20-24, 74:2-10, 78:23-25, 82:22-83:6, 83:9-12, 84:2-9, 84:13-14, 85:11-22, and 87:7-9.

On March 14, 2011, the United States filed its Response to Defendant's Motion Requesting Sealing or Redaction of Testimony by Dr. Moss Aubrey (Doc. 51). See Doc. 59. The United States requests that the Court deny Jager's Motion to Seal. The United States further requests that the testimony remain a public document in its entirety, and available for any future purposes at future legal proceedings.

At the March 18, 2011 hearing, the Court stated that it was inclined to redact only portions of the transcript relating to Jager's alleged interaction with family members, because those portions involved a juvenile and the privacy interests of innocent third-parties. The Court further stated that it was not inclined to redact the other portions of the transcript Jager listed, because, in light of

Jager's conviction for possessing child pornography, information about Jager's history and Aubrey's evaluations does not appear to be adequately embarrassing to overcome the presumption that the public should have access to court records. See Birnbaum v. Wilcox-Gay Corp., 17 F.R.D. 133, 139 (D.C. Ill. 1953)("It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession.  In exercising this discretion we weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.").  Jager agreed to the Court's proposal that it would redact just the information about innocent third parties. See Transcript of Hearing at 68:20, 74:5, 74:9, 87:9 (taken March 18, 2011)("Tr.")("MR. ALLEN: . . . .  In light of the Court's comments, I had a brief discussion with Mr. Jager.  If the Government would agree we would be happy to agree to redact the portions that you just -- the Court just referred to.").[2]  The United States proposed redacting just identifying information in the portions of the transcript the Court suggested redacting, see Tr. at 6:16-7:2 (Rees), to which Jager agreed, see id. at 8:14-16 ("THE COURT: All right.  Can you live with those changes there?  Is that adequate for you?  MR. ALLEN:  That will be satisfactory.").

**LEGAL STANDARD FOR SEALING PORTIONS OF CRIMINAL PROCEEDINGS**

The court has discretionary power to control and seal records and files in its possession.  See Crystal Grower's Corp. v. Dobbins, 616 F.2d at 461.  In Crystal Grower's Corp. v. Dobbins, the United States Court of Appeals for the Tenth Circuit stated

> It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession.  See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 . . . (1978); Nixon v. Sirica, . . . 487 F.2d 700, 721 (D.C. Cir. 1973).  See also Birnbaum v. Wilcox-Gay Corp., 17 F.R.D. 133, 139 (D.C. Ill. 1953).  In exercising this discretion we weigh the interests of the

---

[2] The Court's citations to the March 18, 2011 transcript are to the Court Reporter's original, unedited version.  A final version may contain slightly different line or page numbers.

public, which are presumptively paramount, against those advanced by the parties. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 602 . . . (1978); In re Sarkar, 575 F.2d 870, 872 (Cust. & Pat. App. 1978).

616 F.2d at 461. While documents are presumptively available to the public, the court may seal the documents if the interests favoring nondisclosure outweigh the right to access. See United States v. McVeigh, 119 F.3d 806, 814 (10th Cir. 1997); Bowers v. J&M Discount Towing, LLC, No. 06-0299 JB/RHS, 2007 U.S. Dist. LEXIS 27412 (D.N.M. 2007)(Browning, J.).

## ANALYSIS

The Court grants in part and denies in part Jager's request to redact portions of the sentencing hearing transcript, in accordance with the parties' agreement at the March 18, 2011 hearing. "Some sealing issues have arisen frequently enough for case law about them to be developed. Some types of information are understood to be properly protected by sealing . . . . The identities of some parties, such as juveniles, are properly protected by sealing or redaction." Federal Judicial Center, Sealing Court Records and Proceedings at 3 (2010). Courts have found that the public has a qualified right of access to sentencing transcripts. In re Washington Post Co., 807 F.2d 383, 389-90 (4th Cir. 1986)("The Supreme Court has not yet addressed the question whether the First Amendment right of access also applies to written documents submitted in connection with judicial proceedings which themselves implicate the right of access. However, at least two courts of appeals have held that First Amendment concerns extend to such documents." (citing United States v. Smith, 776 F.2d 1104, 1111-12 (3d Cir. 1985); Associated Press, Inc. v. U.S. Dist. Court, 705 F.2d 1143, 1145 (9th Cir. 1983))); CBS, Inc. v. U.S. Dist. Court, 765 F.2d 823, 824-26 (9th Cir. 1985)("We begin with the presumption that the public and the press have a right of access to criminal proceedings and documents filed therein. . . . We find no principled basis for affording greater confidentiality to post-trial documents and proceedings than is given to pretrial matters."

(citations omitted)).

In United States v. Sattar, 471 F. Supp. 2d 380 (S.D.N.Y., 2006), the United States District Court for the Southern District of New York redacted portions of a psychological report, stating:

> Although the letter from Mr. Dratel and the report by Dr. Teich are entitled to a presumption of access that is accorded great weight, the presumption can be overcome by sufficiently compelling countervailing interests. One countervailing interest that has been identified by the Court of Appeals and that is directly at issue in this case is the privacy interest of the person resisting disclosure. See [United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995)]. As the Court of Appeals explained: "Courts have long declined to allow public access simply to cater to a morbid craving for that which is sensational or impure . . . . [C]ourts have the power to insure that their records are not used to gratify private spite or promote public scandal . . ." Id. (internal citations and quotation marks omitted). The Court of Appeals has also explained that, in considering the weight to be accorded to an assertion of the right of privacy, a court should consider the "degree to which the subject matter is traditionally considered private rather than public . . . . [F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." Id. Furthermore, there is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute. See Crawford v. Manion, No. 96 Civ. 1236, 1997 WL 148066, at *1 (S.D.N.Y. Mar. 31, 1997); see also Whalen v. Roe, 429 U.S. 589, 603-04 . . . (1977).
>
> In this case, the Court has carefully reviewed the letter from Mr. Dratel and the report by Dr. Teich. There are several small portions . . . that concern highly personal family matters relating to defendant Stewart as to which there is a sufficient privacy interest, well-recognized by the Court of Appeals, that is sufficiently compelling to warrant redaction. The Court has indicated those redactions in a copy of the letter and report that is being filed under seal. There is no reason to believe that the details of these highly-personal family matters have otherwise been disclosed, and the disclosure of these matters would not promote any of the values associated with public scrutiny of the sentencing process.
>
> Similarly, the report by Dr. Teich beginning with "Additional History" on page 13 concerns a description of the details of defendant Stewart's personal life. It is not directly related to the opinions given by Dr. Teich and includes highly personal details of defendant Stewart's history and family life. As with the redactions in the first twelve pages, the interests of personal privacy in that history are sufficiently compelling to overcome the presumption of access. Both the Government and defendant Stewart agree that these pages should be redacted.

471 F. Supp. 2d at 387-88 (footnotes omitted). Similarly, the Court finds it appropriate to redact

portions of the transcript identifying Jager's interactions with an attraction to innocent third parties. These portions of the transcript "concern highly personal family matters," and "the disclosure of these matters would not promote any of the values associated with public scrutiny of the sentencing process." 471 F. Supp. 2d at 388. Moreover, "the interests of personal privacy" of the innocent third parties is "sufficiently compelling to overcome the presumption of access." 471 F. Supp. 2d at 388. The Court will therefore order those portions of the transcript of Dr. Aubrey's testimony redacted, as set forth in a sealed order accompanying this Memorandum Opinion and Order. Because, at the March 18, 2011 hearing, Jager agreed to the Court's proposal that it redact only the portions of the Dr. Aubrey's testimony relating to innocent third parties and abandoned his request to seal the entire transcript or to redact other portions of it, and because the Court does not believe Dr. Aubrey evaluation and discussion of Jager's history overcomes the presumption that the public has a right of access to Court sentencing transcripts, the Court otherwise denies Jager's Motion to Seal.

**IT IS ORDERED** that the Defendant's Opposed Motion to Seal Testimony, or in the Alternative, Motion to Redact Testimony, filed February 17, 2011 (Doc. 51), is granted in part and denied in part, and the Court orders the identifiers of innocent third-parties redacted in the transcript of Defendant Henry Jager's sentencing hearing, as detailed in the sealed order that accompanies this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Charlyn Rees
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Darrell M. Allen
Albuquerque, New Mexico

    *Attorney for the Defendant*